IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                            Crim. No. 18-3413 KG

DAIN JUSTIN ADAMS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Dain Justin Adams' Motion to Suppress Evidence, filed October 23, 2019. (Doc. 116). Defendant Adams seeks to suppress all evidence obtained as a result of the search of the residence located at 3809 Zinnia Road on June 27, 2018. *Id.* at 1-2. The United States filed its response to the motion on November 8, 2019. (Doc. 126). On February 12 and 13, 2019, an evidentiary hearing was held on a similar motion filed by Co-Defendant Jade Tiffany Laurezo. Neither Defendant Adams' Motion to Suppress nor the United States' response raise any legal issues or factual allegations that were not previously addressed in the prior proceedings regarding Defendant Laurezo's suppression motion. Therefore, the Court finds that an additional hearing on Defendant Adams' motion is unnecessary. Having considered the Motion to Suppress, the United States' response, the applicable law, and the record of the proceedings for Defendant Laurezo's suppression motion, the Court denies Defendant Adams' Motion to Suppress.

    *I.    Background*

On June 26, 2018, Detective Raul L. Valderaz with the Criminal Investigation Division of the Chaves County Sheriff's Office applied for and was granted a search warrant for 3809

Zinnia Road, Roswell, New Mexico. (Doc. 116) at 19-30. The affidavit in support of the search warrant set forth the following information: on March 27, 2018, the National Center for Missing and Exploited Children received a CyberTipline Report of three uploaded files of child pornography, linked to email address dayton66xx@gmail.com; on May 16, 2018, and May 29, 2018, Special Agent Owen Pena with the Office of the Attorney General of the New Mexico Investigation Division downloaded the sexually explicit materials from IP address 199.83.119.146; on June 18, 2018, Special Agent Pena received the requested subscriber information, listing an individual named Dain Adams as the registered owner of the IP address and linking the account's service address to 3809 Zinnia Road, Roswell, New Mexico; on June 22, 2018, Detective Valderaz traveled to 3809 Zinnia Road, observed a 2007 Toyota Pickup truck, and verified that Dain Adams was the registered owner of the truck. *Id.* at 25-30.

The search warrant for 3809 Zinnia Road authorized law enforcement officers to search the residence for:

> All electronic data processing and storage devices, computers and computer systems including central processing units; internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, memory cards, USB thumb drives, optical storage devices or other memory storage devices; peripheral input/output devices such as keyboards, cameras, printers, video display monitors, optical readers and related communication devices such as modems; together with system documentation operating logs and documentation, software and instruction manuals, handwritten notes, logs, user names and lists. All images, video cassette tapes and/or motion pictures, which may contain any, unclothed and/or partially unclothed male and/or female children under the age of eighteen. All images, videocassette tapes and/or motion pictures portraying children under the age of eighteen engaged in sexual conduct or involved in lewd exhibition of the genitals. All images, photographs, film or negatives, which may contain unclothed and/or partially unclothed male and/or female children under the age of eighteen. All images, photographs, film or negatives which may contain children under the age of eighteen engaged in sexual conduct or involved in lewd

2

> exhibition of the genitals. All books, magazines, documents, advertisements portraying children under the age of eighteen engaged in sexual conduct, posed in sexually explicit positions or that contains unclothed or partially unclothed children under the age of eighteen. All documents tending to show occupancy and/or ownership for the home, including personal identification, bills, receipts, canceled mail, utility bills, rent receipts and bank statements. Photographs of the interior/exterior of the residence.

*Id.* at 25.

On June 27, 2018, Detective Valderaz executed the search warrant. *Id.* at 21. Inside the 3809 Zinnia Road residence, Detective Valderaz encountered Defendant Laurezo, later identified as Defendant Adams' girlfriend, and Donnie and Marsha Roberson, Defendant Adams' parents. (Doc. 55) at 6, ¶ 36. Detective Valderaz confirmed that Defendant Adams lived at the address but was not present at that time. (Doc. 57) at 4. In the northwest bedroom, Detective Valderaz found multiple electronic devices, including a Samsung DUOS cellphone. *Id.*; (Doc. 26) at 12. After the search of the residence, Detective Valderaz obtained warrants to search each of the electronic items seized, including the Samsung DUOS cellphone. (Doc. 26) at 12. On July 3, 2018, Detective Valderaz searched the Samsung DUOS cellphone and discovered two videos featuring an adult female engaging in sexually explicit conduct with one male child between the ages of four and six years old. (Doc. 1) at 6-7. The adult female was later identified as Defendant Laurezo and the male child was identified as her son. (Doc. 55) at 7, ¶ 46.

Defendant Laurezo was indicted on October 17, 2018, on one count of Production of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), (e), and 2256, and one count of Possession or Access With Intent to View Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. 2252A(a)(5)(B), (b)(2), and 2256. (Doc. 21). On March 20, 2019, Defendants Laurezo and Adams were charged by superseding indictment with two counts of Possession of Visual

3

Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. 2252A(a)(5)(B), (b)(2), and 2256; one count of Production of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), (e), and 2256; and two counts of Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and 2256. (Doc. 53).

On November 27, 2018, Defendant Laurezo filed a motion to suppress evidence obtained from her cell phone. (Doc. 26).[1] The motion was referred to Chief United States Magistrate Judge Carmen Garza for an evidentiary hearing, legal analysis, and recommendation of an ultimate disposition. (Doc. 35). Chief Magistrate Judge Garza held an evidentiary hearing on February 12 and 13, 2019, during which Detective Valderaz, Chavez County Sheriff's Office Deputy Hector Ramirez, Immigration and Customs Enforcement Officer Daniel Subia, FBI Special Agent David De Los Santos, Donnie Roberson, and Defendant Laurezo testified, and 58 exhibits were admitted. (Docs. 49, 50, and 51). On March 25, 2019, Defendant Laurezo and the United States each filed proposed findings of fact and conclusions of law. (Docs. 55 and 57). Chief Magistrate Judge Garza entered her proposed findings and recommended disposition ("PFRD") on the motion to suppress on May 2, 2019, (Doc. 68). Defendant Laurezo filed objections to the PFRD on May 16, 2019, (Doc. 71), and the United States filed a response to the objections on May 31, 2019, (Doc. 79). On June 12, 2019, the Court adopted the PFRD, overruled the objections, and denied the motion to suppress. (Doc. 81).

---

[1] Defendant Laurezo also filed a motion to suppress statements she made to law enforcement officers, (Doc. 27), which was denied in part on June 12, 2019. (Doc. 82).

On October 31, 2019, Defendant Laurezo pled guilty pursuant to a plea agreement to one count of Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a) and 2256(2)(A). (Doc. 123).

On November 13, 2019, Defendant Adams was charged by a third superseding indictment with one count of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256; one count of Conspiracy to Produce Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), (e), and 2256; one count of Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and 2256; one count of Aiding and Abetting Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 2241(c) and 2; and three counts of Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and 2256. (Doc. 129).

Defendant filed his Motion to Suppress, in which he contends the warrant to search the 3809 Zinnia Road residence violates his Fourth, Fifth, and Sixth Amendment rights because it was not supported by probable cause and lacked sufficient particularity. (Doc. 116) at 2-13. Defendant Adams asks the Court to suppress all evidence seized as a result of the search of the residence and for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), challenging the affidavit in support of the search warrant. *Id.* at 13-16. Finally, Defendant Adams argues the good faith exception to the exclusionary rule does not apply. *Id.* at 16.

In response, the United States contends the arguments raised by Defendant Adams have already been considered and rejected by the Court and that Defendant Adams offers no reason for the Court to reconsider its rulings. (Doc. 126) at 1-4. The United States further argues

Defendant Adams' motion fails on the merits because the warrant was supported by probable cause and was not overly broad. The United States also agrees Defendant Adams has not met the standard for a *Franks* hearing. *Id.* at 4-7. Additionally, the United States argues the good faith exception applies to any deficiencies in the search warrant. *Id.* at 7-8.

 II. *Discussion*

Defendant Adams argues the search warrant for the 3809 Zinnia Road residence was overly broad because it omitted information that would have clarified which device or devices downloaded the child pornography videos. (Doc. 116) at 9-11. He contends that law enforcement officers chose to omit information from the CyberTipline Report that "would have particularized the warrant application to Dain Adams' specific device or devices that had downloaded the child pornography videos." He also contends the officers instead sought every electronic device in the vicinity of the IP address registered to the residence. *Id.* at 9. Defendant Adams states the omission of information regarding which device or devices contained downloaded videos supports his request for a *Franks* hearing and a finding that the good faith exception does not apply. *Id.* at 15-16. In addition, Defendant Adams contends the search for nude pictures of children is overly broad because "[t]he mere fact that a child is depicted nude is insufficient by itself to prove that it is child pornography." *Id.* at 12.

The issues raised in Defendant Adams' Motion to Suppress were rejected by the Court in its consideration of Defendant Laurezo's motion to suppress. Specifically, Defendant Laurezo argued the search warrant for 3809 Zinnia Road was overly broad because it was not limited to items that belonged to Defendant Adams. (Doc. 55) at 12-14. The Court, however, ruled that the information in the affidavit was sufficient to lead a reasonable person to believe that evidence of child pornography would be found on all of the electronic devices inside the residence—not

just those belonging to Defendant Adams. (Doc. 81) at 9-10 (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978), "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought.").

The Court also considered Defendant Laurezo's argument that there was insufficient probable cause to search for devices other than those belonging to Defendant Adams and explained that "the devices that were seized were linked to the alleged crime due to their capability to connect to the IP address used to upload child pornography." *Id.* at 14. In making this finding, the Court relied on several cases, including: *United States v. Renigar*, 613 F.3d 990, 994 (10th Cir. 2010) (holding affidavit that explained child pornography was being shared from specific IP address provided sufficient probable cause to search residence associated with IP address); *State v. Reichling*, 781 F.3d 883, 887-88 (7th Cir. 2015) ("[I]t was or should have been common knowledge to judges (like other members of the public) that images sent via cellphones or Facebook accounts may be readily transferred to other storage devices."); *United States v. Chiaradio*, 684 F.3d 265, 279 (5th Cir. 2012) (finding probable cause where affidavit explained how investigation led to defendant's IP address and, in turn, his home); *United States v. Vosburgh*, 602 F.3d 512, 526 (3rd Cir. 2010) (finding it was "fairly probable" child pornography may be located on computer equipment found in defendant's home where affidavit provided that someone using a computer with IP address used to download child pornography was assigned to internet account registered to defendant's home); *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007) (finding "an association between an IP address and a physical address" is a substantial basis to conclude that evidence of criminal activity may be afoot inside an individual's residence). *Id.* at 11-13.

In his Motion to Suppress, Defendant Adams contends the officers omitted information from the CyberTipline Report that could have shown Defendant Adams' devices were used to download the child pornography videos. (Doc. 116) at 9. This is a restatement of Defendant Laurezo's claim that the search warrant should have been limited to devices belonging to Defendant Adams. Indeed, Defendant Laurezo raised this argument in her objections to the PFRD by asserting that Detective Valderaz testified that he "could have easily determined which device belonged to which person at the residence, but he purposely did not try to do so and would have seized them anyway." (Doc. 71) at 2. The Court disagreed that this amounted to a constitutional violation and explained that "the search warrant is supported by evidence that the IP address associated with the residence was being used to upload child pornography, and a search of all devices at the residence could be involved in the alleged crime." (Doc. 81) at 17.

In addition, the Court considered Defendant Laurezo's claim that Detective Valderaz violated *Franks v. Delaware* by omitting material evidence from the search warrant. (Doc. 68) at 17-18. The Court noted that Detective Valderaz testified that he believed any electronic device seized from 3809 Zinnia Road could have been sharing child pornography from that IP address and that both his supervisor and the district attorney reviewed the warrant and affidavit. *Id.* (citing Doc. 51 at 30-31, 40, 44, 67). The Court found that Detective Valderaz's knowledge at the time he applied for the search warrant, coupled with his efforts to have the warrant reviewed by his superiors, demonstrated that his conduct was not deliberate or reckless. *Id.* at 17. The Court also ruled that, because there was no Fourth Amendment violation regarding the search warrant, there was no need to address whether the good faith exception applies. *Id.* at 19.

Finally, the Court also rejected Defendant Adams' argument that the search warrant was overly broad because it authorized the seizure of images of children that are not necessarily

pornography. (Doc. 81) at 16-17. In doing so, the Court explained that the Tenth Circuit has approved seizure of items showing an interest in child pornography. *Id.* (citing *United States v. Grimmett*, 439 F.3d 1263, 1270 (10th Cir. 2006) (approving seizure of videotapes and other non-computer related property because seizure was nonetheless directed at items related to child pornography); *United States v. Hall*, 142 F.3d 988, 995-96 (10th Cir. 1998) (upholding search warrant for seizure of items showing interest in child pornography or child erotica)).

Based on the foregoing, the Court finds that it has already ruled on the arguments raised in Defendant Adams' Motion to Suppress. "[W]hen a rule of law has been decided adversely to one or more codefendants, the law of the case doctrine precludes all other codefendants from relitigating the legal issue." *United States v. Parada*, 577 F.3d 1275, 1280 (10th Cir. 2009) (quoting *United States v. LaHue*, 261 F.3d 993, 1010 (10th Cir. 2001)). The law of the case doctrine promotes finality, prevents re-litigation of previously decided issues, and preserves scarce court resources. *Rimbert v. Eli Lilly and Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011); *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001). Nevertheless, the doctrine "is not an inexorable command, but, rather, only a rule of practice in the courts and not a limit of their power." *Id.* (quoting *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998)). Therefore, the Tenth Circuit has held that a court may reconsider its prior rulings when there is (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Rimbert*, 647 F.3d at 1251; *see also United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) ("A district court should have the opportunity to correct alleged errors in its dispositions."). However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539.

9

The Court previously rejected Defendant Laurezo's arguments that the search warrant for 3809 Zinnia Road was not supported by probable cause and was overly broad. Specifically, the Court addressed whether the warrant was deficient because it was not limited to Defendant Adams' electronic devices and allowed the seizure of images of children that were not necessarily pornography. Defendant Adams re-asserts these arguments in his Motion to Suppress and does not raise new arguments or present new exhibits or witnesses that would affect the Court's prior rulings. Moreover, Defendant Adams does not cite to an intervening change in controlling law or establish clear error or manifest injustice by the Court's prior rulings. Therefore, the Court declines to reconsider its previous rulings and denies Defendant Adams' Motion to Suppress. *See, e.g., Parada*, 577 F.3d at 1280 (declining consideration of motion to suppress where codefendant raised similar arguments in prior motion to suppress).

III. *Conclusion*

For the foregoing reasons, the Court finds the arguments raised in Defendant Adams' Motion to Suppress have already been ruled on and the Court finds no reason to reconsider its previous rulings.

IT IS ORDERED that Defendant Adams' Motion to Suppress Evidence (Doc. 116) is denied.

_____
UNITED STATES DISTRICT JUDGE